# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1655V
### Filed: December 6, 2018
UNPUBLISHED

|  |  |
|---|---|
| KATIE REAVES,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jessica Anne Olins, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 2, 2017, Katie Reaves ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her receipt of an influenza ("flu") vaccine on October 5, 2016, caused her to suffer a left-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-2. On September 28, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 29.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 16, 2018, petitioner filed an unopposed motion for attorneys' fees and costs.  ECF No. 37.[3]  Petitioner requests attorneys' fees in the amount of $10,281.00 and attorneys' costs in the amount of $648.95.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 1.  Thus, the total amount requested is $10,929.95.

Respondent filed no response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request.  ECF No. 37.

## II.    Discussion

### A.  Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 3 attorneys and 5 paralegals billed for work on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files.  For example, the attorney's and the paralegals list 21 separate entries as reviewing court notifications of filings and updating file entries, for a total of 3.1 hours of time.[4] The undersigned shall reduce the request for attorney's fees by **$294.80**[5], the total of the duplicated hours at the paralegal rates.

### B.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.4 hours was billed by paralegals on tasks considered administrative[6]

---

[4] Examples these entries include; April 9, 2018 (0.20 hrs AMG) "Review and analyze Court Order for action items, update case deadlines" (0.20 hrs AER) "Review and analyze Court Order for action items, update case deadlines", April 10, 2018 (0.10 RIS) "Review Court Order and update note and file accordingly"; May 10, 2018 (0.20 hrs AER) "Review and analyze Court Order for action items, update case deadlines accordingly" (0.10 hrs AMG) "Review scheduling order and update file regarding same", June 29, 2018 (0.10 hrs AMG) "Review 240 Order and update file re same" and July 2, 2018 (0.20 hrs) "Receipt and review of the Court's 240-Day Notice and update file accordingly. Update case deadlines." These entries are mealy examples and not an exhaustive list.

[5] This amount consists of (0.40 hrs x $145 = $58.00) + (1.6 hrs x $148 = $236.80) = $294.80.

[6] Examples of these entries include: June 5, 2017 (0.30 hrs) "Prepare records for attorney review and filing with the Court", November 13, 2017 (0.20 hrs) "Review and finalize Statement of Completion. Update file accordingly", February 1, 2018 (0.20 hrs) "Review and finalize status report. Update case deadlines", September 20, 2017 (0.10 hrs) and October 12, 2018 (0.10 hrs) "Review and finalize election

including, receiving documents, reviewing and organizing the client file, and mailing documents. Therefore the undersigned reduces the request for attorneys' fees by **$307.80[7]**, the total amount of the entries considered administrative.

### III.     Attorney Costs

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $648.95.  ECF No. 37 at 1.   After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $10,327.35[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jessica Anne Olins. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

to accept judgment. Update file deadlines."  ECF No. 37-1 at 2, 4, 6 and 12. These entries are mealy examples and not an exhaustive list.

[7] This amount consists of (1.0 hrs x $145 = $145.00) + (1.1 hrs x $148 = $162.80) = $307.80.

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.